**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No.  02-40565
Summary Calendar

---

THERAPY CORPORATION OF AMERICA; DONNA CARROLL, President of
Therapy Corporation of North America; DANIEL CARROLL,

Plaintiffs-Appellants,

versus

CITY OF TEXARKANA, TEXAS; ET AL,

Defendants,

CITY OF TEXARKANA, TEXAS; NANCY TALLEY, Council Member;
VAN ALEXANDER, Council Member; BRADLEY HARDIN, Council Member;
TOM ARNOLD, City Attorney,

Defendants-Appellees.

---

**Appeal from the United States District Court
for the Eastern District of Texas
(5:00-CV-336)**

---

February 24, 2003

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

   Plaintiffs appeal the district court's denial of their FED. R.
CIV. P. 59 motion for a new trial.  They contend that the court
erroneously instructed the jury at trial that the disability of
Plaintiffs' potential residents must have been the *sole* motivating

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factor behind Defendants' decision to deny Plaintiffs zoning permits. Defendants move to dismiss the individually named defendants from this appeal. Finding no plain error, we **AFFIRM**.

## I.

Plaintiffs planned to open a drug treatment facility for teenage girls in Texarkana. On two occasions, the Texarkana City Council denied special zoning permits that would have allowed such a center to operate. Plaintiffs filed a complaint, alleging violations of the Fair Housing Act, 42 U.S.C. § 1343(a)(3), *et seq.* (FHA), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (ADA), and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*

Both parties agreed to consolidate the three claims into one jury instruction. The court instructed the jury that, for all Plaintiffs' claims, discrimination on the basis of potential residents' disability must have been the "sole motivating factor" for Defendants' action. Plaintiffs made a general objection that the proper standard *for all three claims* was not that the discrimination was the "sole motivating factor".

Ultimately, the jury returned a verdict in favor of the defendants. Plaintiffs timely moved for a new trial pursuant to Rule 59. They contended, *inter alia*, that the "sole motivating factor" instruction, although proper for the Rehabilitation Act claim, was improper for the ADA and FHA claims. The district court

2

denied this motion because Plaintiffs had failed to preserve the issue of the erroneous jury instruction by making a specific objection at trial.

## II.

We review the denial of a Rule 59 motion for a new trial for abuse of discretion. **Stokes v. Emerson Electric Co.**, 217 F.3d 353, 356 (5th Cir. 2000). Challenged jury instructions are reviewed to determine whether the instructions, as a whole, constitute a correct statement of the principles of law applicable to the facts in the case. **Id.** However, when the jury instruction issue is not preserved at trial, we review it only for plain error. **Hartsell v. Dr. Pepper Bottling Co. of Texas**, 207 F.3d 269, 272 (5th Cir. 2000). "In the civil context, a jury instruction is plainly erroneous when (1) an error occurred, (2) the error was clear or obvious, (3) substantial rights were affected, and (4) not correcting the error would seriously affect the fairness, integrity, or public reputation of judicial proceedings." **Texas Beef Group v. Winfrey**, 201 F.3d 680, 689 (5th Cir. 2000)(internal quotations omitted).

Regarding erroneous jury instructions, FED. R. CIV. P. 51 requires a party to state "distinctly [to the court] the matter objected to and the grounds for objection". Failure to object specifically and failure to offer a proposed instruction on the

3

disputed issue fails to preserve the issue. **Texas Beef Group**, 201 F.3d at 689.

Plaintiffs contend their general objection to the "sole motivating factor" instruction, along with their alternative "one motivating factor" instruction, is sufficient to preserve the issue. They admit their proposed instruction would have been improper for their Rehabilitation Act claim, which requires the discrimination to be the sole motivating factor for the act. 29 U.S.C. § 794; *see also*, **Soledad v. United States Dept. of Treasury**, 304 F.3d 500, 505 (5th Cir. 2002). Moreover, this court has held that, for ADA claims, the "sole motivating factor" standard is proper. **Turco v. Hoechst Celanese Corp.**, 101 F.3d 1090, 1092 (5th Cir. 1997) (citing **Rizzo v. Children's World Learning Centers, Inc.**, 84 F.3d 758, 763 (5th Cir. 1996); *but see*, **Soledad**, 304 F.3d at 503-04 ("Under the ADA, 'discrimination need not be the sole reason for the adverse employment decision, [but] must actually play a role in the employer's decision making process and have a determinative influence on the outcome'.")(dictum) (quoting **Ahrens v. Perot Sys. Corp**., 205 F.3d 831, 835 (5th Cir.), *cert. denied*, 531 U.S. 819 (2000) (dictum)). It is clear that, for at least the Rehabilitation Act claim, Plaintiffs' proposed instruction would have been improper; the court did not err by refusing to adopt it. *See, e.g.*, **Russell v. Plano Bank & Trust**, 130 F.3d 715, 719 (5th Cir. 1997), *cert. denied*, 523 U.S. 1120 (1998) (courts do not err

4

by refusing to give proffered instruction when that instruction did not correctly state the law).

Plaintiffs also admit that they did not bring to the court's attention any differences in the causation standards for the three claims, and, instead, continued to treat the three claims as one throughout the trial. The district court concluded:

> Plaintiffs' continuing reliance on a single jury instruction, an instruction that Plaintiffs first admitted was incorrect only at the [Rule 59] hearing ..., demonstrates that Plaintiffs did not make objections to the jury instruction specific enough to preserve error.

Because they did not object specifically to the instructions for their ADA and FHA claims, we review the jury instructions for plain error. As noted, the court did not clearly err in giving the "sole motivating factor" instruction with regard to the ADA claim. *See* **Rizzo**, 84 F.3d at 763.

Regarding the standard under the FHA, this court has held that "[t]he protected trait must only be 'one significant factor' in the challenged decision to violate the FHA". **Simms v. First Gibraltar Bank**, 83 F.3d 1546, 1556 n. 30 (5th Cir.), *cert. denied*, **Simms v. First Madison Bank**, 519 U.S. 1041 (1996) (quoting **Wood-Drake v. Lundy**, 667 F.2d 1198, 1202 (5th Cir. 1982). Defendants urge that those FHA cases involved age and race discrimination, not discrimination on the basis of handicap. Moreover, they contend the "handicap" classification in the FHA, 42 U.S.C. § 3602(h), is identical to the ADA classification of an "individual with a

disability", 42 U.S.C. § 12111.  Therefore, they contend, the standard for FHA "handicap" claims should be the same as ADA "disabled" claims.

All parties agree that, since the FHA was amended in 1988, this court has issued no opinion in which it analyzed the correct standard to be applied to FHA discrimination claims based on handicap.  Even if Plaintiffs' contention that the standard for an FHA "handicap" claim should be the same as an age or race claim, any error made by the district court was not "clear" or "obvious".  *See, e.g.,* **Texas Beef Group**, 201 F.3d at 689.

***AFFIRMED; MOTION TO DISMISS PARTIES DENIED AS MOOT***
